■ H. DIAMOND CO., INC., Respondent-Appellant, v. LLOYD'S UNDER-WRITERS, Appellants-Respondents.— Orders entered July 15, 1969 modified on the law and the facts and in the exercise of discretion to the extent of striking interrogatories numbered four, five and eight, and otherwise affirmed without costs and without disbursements. Interrogatories four and five seek disclosure of material prepared for the defense of this litigation. Interrogatory four seeks to have the defendants state whom they engaged to investigate the loss claim. Interrogatory five requests defendants to state if any reports were rendered to them and, if so, to set forth a true copy of each such report. This is tantamount to a request for the names of defendants' witnesses. This court has held that such reports need not be disclosed. (See *Hoffert Diamond Co.* v. *Valentine,* 29 A D 2d 517; CPLR 3101, subd. [d], par. 1.) Interrogatory No. 8 requests details of defendants' claim that "the plaintiff had not suffered a loss either in the manner or in the amount claimed." We hold this to be improper because the burden to prove the loss is upon the plaintiff and not the defendants. Special Term properly modified interrogatories numbered 11, 14, 15 and 19 by striking that portion of each question requesting the source of the information and who performed the calculations. While the propriety of some of the interrogatories which our two dissenting Justices would strike may be questionable, we do not disturb Special Term's disposition since there is no showing of prejudice. In so doing we apply the rule laid down by this court in a unanimous decision in *Baumgarten* v. *Lear* (26 A D 2d 932). In affirming an order denying defendants' motion to strike or modify plaintiff's demand for a bill of particulars this court said: "It may well be that some of the demands are not proper, but since there has been no showing of prejudice the two orders appealed from merit affirmance. Litigators would be well-advised not to spend their time or the court's on appeals that will not affect any substantial interest (cf. CPLR 5701, subd [a], par. 2, cl. [v])." Concur — Capozzoli, McGivern and Nunez, JJ.; Stevens, P. J., and McNally, J., dissent in part in the following memorandum by McNally, J.: I would go further than the majority and strike interrogatories 9, 10, 11, 14, 15 and 19. These items in my judgment are clearly improper and prejudicial in scope. In addition, the proposed inter-rogatories constitute unprecedented and improper demands upon the defendant requiring the furnishing to plaintiff of information concerning events occurring after the loss for which suit is brought. In some respect the demands consist of matters of law and are so immaterial or couched in such a broad and general way as to be unduly burdensome and constitute harassment. (*Brooklyn Bur. of Social Servs.* v. *Transamerica Ins. Co.,* 28 A D 2d 841; see, also, *Kent* v. *Maryland Cas. Co.,* 25 A D 2d 653.)